# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GARDEN CITY BOXING CLUB, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-3128 |
| | § | |
| MARCELO R. GARCIA, Individually and | § | |
| d/b/a MARCELO'S FAJITA GRILL, and | § | |
| M&D, INC, Individually and d/b/a | § | |
| MARCELO'S FAJITA GRILL, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff, Garden City Boxing Club, Inc., has filed a motion for default judgment against defendant Marcelo R. Garcia, individually and d/b/a Marcelo's Fajita Grill and M&D., Inc., Individually and d/b/a Marcelo's Fajita Grill. Plaintiff has filed affidavits and exhibits in support of its claims for damages and reasonable attorney's fees.

Plaintiff's submissions establish unauthorized interception and display of a closed-circuit exhibition boxing match broadcast, in violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605. Plaintiff owns the right to exhibit and sublicense the right to exhibit the closed-circuit telecast of the September 13, 2003 boxing match between Oscar De La Hoya and Shane Mosley, including "undercard and preliminary bouts" (the "Event"). Only establishments plaintiff contractually authorized could lawfully exhibit the closed-circuit broadcasts of the Event. Plaintiff provided those establishments

with the satellite coordinates necessary to receive the signal and the electronic decoder necessary to display the signal clearly.

Neither defendant nor any representative of defendant entered into a contract to obtain the rights to broadcast the Event or paid the necessary license fee to display the Event. Defendant intercepted (or assisted in the interception of) the broadcast Event and displayed it to patrons of Marcelo's Fajita Grill, without paying licensing fees.

## II.     Analysis

Section 553(a)(1) of the Federal Communications Act prohibits the interception of any communications service offered over a cable system. The statute provides:

> (1)   No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.
>
> (2)   For the purpose of this section, the term "assist in intercepting or receiving" shall include the manufacture or distribution of equipment intended by the manufacturer or distribution of equipment intended by the manufacturer or distributor (as the case may be) for unauthorized reception of any communications service offered over a cable system in violation of subparagraph (1).

47 U.S.C. § 553; *see generally*, *U.S. v. Coyle*, 943 F.2d 424, 427 (4th Cir. 1991).  Under section 553(3)(A), the "party aggrieved" may elect to recover either the actual damages sustained or statutory damages of not less than $250.00 and not more than $10,000.00. Plaintiff seeks statutory damages. (Docket Entry No. 7). The record establishes that

defendant intercepted and received communication services offered over a cable system without authorization, in violation of section 553(a)(1) of the Communications Act.

Section 605 of the Communications Act governs the "unauthorized publication or use of communications." 47 U.S.C. § 605. Section 605 states in relevant part as follows:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605. An individual violates section 605 by displaying an intercepted communication. *Home Box Office v. Carlim, Inc.*, 838 F. Supp. 432, 435 (E.D. Mo. 1993). Under section 605(e)(3), the "party aggrieved" may elect to recover either the actual damages sustained or statutory damages for each violation, in a sum of not less than $1,000.00 or more than $10,000.00. In any case in which the court finds that the violation was committed "willfully" or for the purpose of direct or indirect commercial advantage or private financial gain, the court, in its discretion, may increase the award of damages by an amount of not less than $10,000.00 and not more than $100,000.00.

The record establishes that defendants displayed the Event, without authorization, for commercial gain, establishing liability under section 605. Courts that have addressed conduct violating both sections 553 and 605 have held that courts should award damages only under section 605. *See, e.g., International Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1007 (2d Cir. 1993); *Time Warner Cable of New York City v. Taco Rapido Restaurant*, 988 F. Supp. 107, 110 (E.D.N.Y. 1997) (holding that "where a defendant is found to have violated *both* statutes [sections 553 and 605], the court should award damages under 47 U.S.C. § 605"). Section 605(e)(3)(C)(I)(II) gives the court discretion to determine the amount of statutory damages in the range between $1,000.00 and $10,000.00, for each violation. *See Home Box Office v. Champs of New Haven, Inc.*, 837 F. Supp. 480, 484 (D. Conn. 1993) (holding that the amount of damages assessed under section 605 rests within the sound discretion of the court).

Several factors present in this case favor granting the maximum statutory damages of $10,000.00, as requested. The record establishes that defendant broadcast the event and failed to appear in this suit. The record establishes the use of an unlawful device, making the violations willful. *See Taco Rapido,* 988 F. Supp. at 111; *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 114 (E.D.N.Y. 1997). These factors, "the difficulty in detecting unlawful interception, the widespread problem of piracy, the projected loss to plaintiff, and the need for an award sufficient to deter future piracy by defendants and others," weigh in favor of granting maximum statutory damages. *Lokshin*, 980 F. Supp. at 113. Plaintiff has shown the basis for an award of $10,000.00 in damages under section 605.

Plaintiff also seeks an award of additional, punitive damages. Section 605 states that

in any case in which the court finds that the violation was committed willfully and for the purpose of direct or indirect commercial advantage or private financial gain, the court, in its discretion, may increase the award of damages by an amount not more than $100,000.00. The record shows that defendants showed the Event for the purpose of increasing the business, customers, and sales revenue. There is no evidence of other unlawfully intercepted or displayed broadcast events. The record does not indicate the amount of profit, if any, defendants derived from unlawfully broadcasting the Event. *See Kingvision Pay-Per-View Corp. v. Prime Time Saloon, Inc.*, 95 CV 1422 (E.D.N.Y. September 30, 1996) (*cited in Taco Rapido*, 988 F. Supp. at 111). Plaintiff has demonstrated that it lost a minimum licensing fee of $1,000 up to $3,000.00, based on a licensing fee of twenty times the maximum fire code occupancy. This record does not present a basis for an award of additional damages beyond the $10,000.00.

As the prevailing party, plaintiff is entitled to an award of its costs, including reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii); *Sykes*, 997 F.2d at 1009. Plaintiff has submitted affidavit testimony from its counsel supporting an award of $1,000.00 in fees, based on four hours of work through the filing of the motion for default judgment at a rate of $250 per hour. The submission demonstrates that the fees sought are reasonable.

Default is entered. This court concludes that the plaintiff has established its entitlement to default judgment in the amount of $10,000.00 in statutory damages;

reasonable attorney's fees in the amount of $1,000.00, and postjudgment interest on all of the above at the rate of 4.43% *per annum*.  Final judgment will be entered by separate order.

SIGNED on January 30, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge